UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KRISTI PORTER, | No. 2:16-cv-1933-JAM-AC |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANTS' MOTION TO DISMISS** |
| NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation, GREGORY S. EVERETT, an individual, and Does 1 through 20, inclusive, | |
| Defendants. | |

Plaintiff Kristi Porter ("Porter") claims Defendants Nationwide Mutual Insurance Company ("Nationwide") and Gregory Everett ("Everett") were not on her side when she was fired in 2016. Porter filed suit against Nationwide and Everett in state court and Defendants removed the case to federal court. ECF No. 1-2. Porter now moves to remand. ECF No. 14. Defendants move to dismiss Porter's defamation claim. ECF No. 16. For the reasons set forth below, the Court DENIES Plaintiff's motion to remand and GRANTS Defendants' motion to dismiss with leave to

1

amend.[1]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Kristi Porter worked as an adjuster for Nationwide from December 2006 to February 2016. Compl. ¶¶ 1, 11. Defendant Everett began supervising Porter in March 2013. Compl. ¶ 12. According to Porter, Everett "favored the male employees" and "assigned Plaintiff and the other female adjuster greater work loads . . . [and] more difficult territories." Compl. ¶ 12. Porter complained to Everett and Nationwide's human resources department about the unequal treatment. Compl. ¶¶ 12, 14. In July 2014, Everett gave Porter an "unjustified poor performance review." Compl. ¶ 12. Everett also "gave Plaintiff a written warning about supposed performance issues" and "accused Plaintiff of conduct that was untrue such as working overtime when she was not and mishandling a claim." Compl. ¶ 13.

Porter took medical leave from April to June 2015. Compl. ¶ 17. On July 31, 2015, Nationwide gave Porter a "30-day final notice" that it would fire Porter "if her performance did not improve." Compl. ¶ 19. In August 2015, Everett gave Porter her mid-year performance evaluation, which "contained the same inaccuracies and misrepresentations as the previous reviews." Compl. ¶ 20. These events distressed Porter and exacerbated her medical condition. Compl. ¶ 21. Porter's doctor put her on

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 7, 2016. In deciding the motion to dismiss, the Court takes as true all well pleaded facts in the Complaint.

2

medical leave beginning October 8, 2015.  Id.

Nationwide told Porter her leave would expire on November 6, 2015, but then Nationwide extended her leave.  Compl. ¶ 22.  In February 2016, Porter told Nationwide she could return to work on March 7, 2016.  Compl. ¶ 23.  On February 25, 2016 Defendants told Porter they had filled her position and "her employment was terminated because her medical leave was exhausted."  Compl. ¶ 24.  Defendants also "informed Plaintiff that, because she had been given a final 30-day notice prior to her medical leave, she was not eligible for re-hire."  Id.  Nationwide "refused to investigate [Porter's] complaints about the inaccurate and unwarranted performance reviews and the final 30-day notice."  Id.

Porter alleges ten California state law causes of action: (1) gender discrimination, (2) disability/medical condition discrimination, (3) failure to engage in the interactive process, (4) failure to accommodate, (5) retaliation for requesting accommodation, (6) retaliation for filing the complaint, (7) failure to prevent discrimination, (8) retaliation for exercising her right under the California Family Rights Act, (9) wrongful termination, and (10) defamation.  Compl. at 8-17.  Porter brings the first nine claims against Nationwide and the tenth claim against Nationwide and Everett.  Id.

Defendants removed the case based on diversity jurisdiction.  Notice of Removal at 2.  Porter and Everett are citizens of California.  Compl. ¶¶ 1, 3.  Nationwide is incorporated and has its principal place of business in Ohio.  Compl. ¶ 2; Schuler Decl. ¶¶ 4, 5, ECF No. 1-3.  Defendants argue that the Court

should disregard Everett's citizenship because Porter does not state a cause of action against Everett.  Notice of Removal at 6. Defendants also move to dismiss Plaintiff's defamation claim against Nationwide.  Mot. to Dismiss at 1.

## II.   REQUEST FOR JUDICIAL NOTICE

Defendants request the Court take judicial notice of the following exhibits attached to Everett's declaration:

- Exhibit A-Porter's performance evaluation for 2014
- Exhibit B-the written notice Nationwide issued to Porter on 12/11/14
- Exhibit C-Porter's mid-year performance evaluation for 2015
- Exhibit D-the final written notice Nationwide issued to Porter in July 2015.

10/20/2016 Request for Judicial Notice ("RJN") at 1-2, ECF No. 16-2.

Defendants argue the Court should take judicial notice of these documents because Porter incorporated the documents in her complaint.  Id. at 3-4.

"On a motion to dismiss, [a court] may consider materials incorporated into the complaint or matters of public record." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).  A plaintiff incorporates materials into her complaint when she "relies upon a document or [alleges] the contents of the document[,] . . . the document's authenticity is not in question[,] and there are no disputed issues as to the document's relevance."  Id.

4

Porter refers to each of the exhibits attached to Everett's declaration in her complaint. See Compl. ¶ 12 (performance review Everett gave to Porter in July 2014, corresponding to Exhibit A); Compl. ¶ 13 ("written warning about supposed performance issues," corresponding to Exhibit B); Compl. ¶ 20 ("mid-year performance evaluation," corresponding to Exhibit C); Compl. ¶ 19 ("30-day final notice," corresponding to Exhibit D"). Porter alleges the contents of the documents in her complaint, and she does not contest their authenticity or relevance. The Court therefore takes judicial notice of Exhibits A through D to Everett's declaration.

Defendants also ask the Court to consider Everett's declaration and Exhibits A through D in deciding Porter's motion to remand. Opp'n to Mot. to Remand at 3. A court may "pierc[e] the pleadings and consider[] summary judgment-type evidence such as affidavits and deposition testimony" in deciding fraudulent joinder. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001). The Court therefore will consider Everett's declaration and its attachments in deciding the motion to remand.

### III. OPINION

#### A. Legal Standard

Generally, a defendant may remove a state civil action to federal court only if the plaintiff could have filed the case in federal court originally. See 28 U.S.C. § 1441. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, a federal district court must reject

removal jurisdiction if it has "any doubt as to the right of removal in the first instance." Id. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

An out-of-state defendant may remove a case based on diversity jurisdiction. 28 U.S.C. § 1441(b). To establish diversity jurisdiction, the removing defendant must show complete diversity exists among the parties and the amount in controversy exceeds $75,000.[2] Id. § 1332. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris, 236 F. 3d at 1067.

An exception to the complete diversity requirement applies if the removing defendant can show that the plaintiff has "fraudulently joined" a non-diverse defendant to thwart removal. Id. "Joinder of a non-diverse defendant is deemed fraudulent," and the Court must ignore "the defendant's presence in the lawsuit . . . 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Id. (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). A defendant asserting removal jurisdiction based on fraudulent joinder must show the plaintiff cannot possibly state a claim in state court against the alleged "sham defendant." Gomez v. Rehab., 2016 WL 370692, at *2 (C.D. Cal. Jan. 29, 2016).

---

[2] Porter does not contest Defendants' claim that the amount in controversy exceeds $75,000.

6

B. <u>Analysis</u>

Defamation includes both libel and slander. <u>Noel v. River Hills Wilsons, Inc.</u>, 113 Cal. App. 4th 1363, 1368 (2003). Defamation has five elements: "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." <u>Taus v. Loftus</u>, 40 Cal. 4th 683, 720 (2007). The "publication" element requires a plaintiff to show the defendant conveyed the allegedly defamatory information to a third party. <u>Schmidt v. Levi Strauss & Co.</u>, 2008 WL 4450331, at *1 (N.D. Cal. Sept. 30, 2008) (citing <u>Live Oak Publ'g Co. v. Cohagan</u>, 234 Cal. App. 3d 1277, 1284 (1991)). Additionally, "the alleged defamatory statements must be false and therefore also statements of fact, not merely expressions of opinion." <u>Charlson v. DHR Int'l Inc.</u>, 2014 WL 4808851, at *5 (N.D. Cal. Sept. 26, 2014). "[A]lthough a plaintiff need not plead the allegedly defamatory statement verbatim" she must "specifically identif[y] and . . . plead the substance of the statement." <u>Jacobson v. Schwarzenegger</u>, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).

Defendants argue Porter fails to state a defamation claim against either Everett or Nationwide for the following reasons: (1) Porter "fails to state the content of what was actually said, which Defendant said what, to whom any statement was specifically made, whether the alleged communication was transmitted orally or in writing . . . [or] when the statement was published"; (2) Porter has not shown that Everett made any publication to a third party; (3) Porter has not shown that the allegedly defamatory information was unprivileged; and (4) Porter cannot

7

show that Everett made any false statement of fact, rather than a statement of opinion. Mot. to Dismiss at 4, 9-11, 15. Each of these reasons will be discussed more fully below.

### 1. Failure to Plead Defamatory Statements With Specificity

Defendants argue that Porter cannot possibly state a claim "against either Defendant (but especially Everett), as Plaintiff has not alleged any actual facts, such as the content of any statement, that either Defendant published any written or oral unprivileged, defamatory statement of fact." Opp'n to Mot. to Remand at 4. Defendants also argue Porter's complaint does not contain "the actual who, what, where, and when necessary to establish a claim for defamation, much less circumstances which particularly show that Nationwide or Everett acted with actual malice so as to overcome the managerial privilege under California Civil Code § 47(c)." Id.

Porter does not adequately respond to this argument in her motion to remand or in her opposition to the motion to dismiss. She fails to specifically identify the allegedly defamatory statements. Instead, Porter argues she clearly states a defamation claim because "[f]alse statements affecting a person's occupational reputation amount to defamation *per se*." Mot. to Remand at 2. Plaintiff cites to California Civil Code section 46(3), which states

> Slander is a false and unprivileged publication, orally uttered . . . which . . . [t]ends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office,

8

>     profession, trade, or business that has a natural
>     tendency to lessen its profits.

Cal. Civ. Code § 46(3).

Porter's defamation *per se* argument is unpersuasive. Section 46(3) still requires Porter to show an "unprivileged publication," which Porter has failed to do. Cal. Civ. Code § 46(3). Porter also cites to Washer v. Bank of America, 21 Cal. 2d 822, 827 (1943) to support her defamation *per se* argument. Mot. to Remand at 2. But in Washer, the defendant made the slanderous statement to newspaper reporters. Washer, 21 Cal. 2d at 825. Here, Porter does not provide facts or argument to support a claim that Everett made any allegedly defamatory statements to anyone other than Porter.

In her opposition to the motion to dismiss, Porter relies on several cases to argue she sufficiently states the substance of Everett's allegedly defamatory statements. Opp'n to Mot. to Dismiss at 3-4. These cases, however, as Defendants' note, came before the higher pleading standard Twombly and Iqbal imposed on federal court plaintiffs. Reply ISO Mot. to Dismiss at 1-2.

Porter fails to identify the specific contents of any allegedly defamatory communication and none of the cases she relies on convinces the Court otherwise.

       2.    "Publication" Element

Porter alleges Defendants told at least four Nationwide employees "and subsequent potential employers, expressly or by implication, that Plaintiff was incompetent, that she violated company policies, [and] that she lacked job knowledge and that she performed her job poorly." Compl. ¶ 85. Defendants argue

9

these allegations "do not show that Everett or Nationwide published any false statement to a third party." Notice of Removal at 7. Defendants argue Porter's allegations show only that Everett gave Porter a 30-day-notice and an unfavorable mid-year review and that Porter complained to the HR department about these documents. Id. Defendants specifically contend that "each allegation confirms that Everett communicated performance reviews directly to Plaintiff, and following the review, Plaintiff communicated to Nationwide." Id. at 8.

Porter does not identify any portions of her Complaint that contain well-pleaded facts regarding publication to a third party. Porter only argues that "internal publications by employer's agents are actionable" as defamation. Mot. to Remand at 4. Porter cites to cases where publication was "completely internal" and "published and received solely by other employees." Mot. to Remand at 4. But Porter misses the crux of Defendants' argument. Defendants do not challenge that internal publications by employers can give rise to actionable defamation. Instead, they argue Porter fails to allege facts to show Everett ever made an "internal publication" to anyone besides Porter.

Porter also argues she had to "republish" the allegedly defamatory statements to Nationwide's HR department. Opp'n to Mot. to Dismiss at 3. The case upon which Porter relies, however, is distinguishable in that the plaintiff "republished" the defamatory information not internally, but to other potential employers. Bowen v. M. Caratan, Inc., 142 F. Supp. 3d 1007, 1035 (E.D. Cal. 2015). Porter does not cite any case to support her argument that republishing information to an employer's internal

department establishes publication to a third party. The Court finds that Porter has failed to sufficiently plead the "publication to a third party" element of her defamation claim.

### 3. "Unprivileged" Element

Defendants argue that Porter cannot show Everett made any "unprivileged" statements because "communications by an employer relating to the conduct or termination of a current or former employee that are made in a commercial setting are subject to a qualified privilege under California Civil Code section 47(c)." Notice of Removal at 9.

"Cal. Civ. Code § 47(c) extends a conditional privilege against defamation claims to communication made without malice on a subject of mutual interest." London v. Sears, Roebuck & Co., 619 F. Supp. 2d 854, 864 (N.D. Cal. 2009). "Courts have consistently interpreted section 47, subdivision(c) to apply in the employment context." Noel, 113 Cal. App. 4th at 1369. "To state a claim for defamation where a qualified privilege applies, a complaint 'must contain affirmative allegations of malice in fact.'" Jones v. Lehigh Sw. Cement Co., 2012 WL 2934530, at *5 (E.D. Cal. Jul. 18, 2012) (quoting Lundquist v. Reusser, 7 Cal. 4th 1193 (1994)). Furthermore, a plaintiff must show "actual malice" to defeat a qualified privilege. Noel, 113 Cal. App. 4th at 1370. A plaintiff can show "actual malice" with allegations "that the publication was motivated by hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication." Id.

Defendants argue "[a]lthough Plaintiff contends in Paragraph

91 of her Complaint that the factual allegations contained in Paragraph 12 through 24 were done with malice, these paragraphs fail to specifically identify any statement of circumstances, occurrences, and events sufficient under Twombly or Iqbal, that would show actual malice." Notice of Removal at 9-10.

Porter argues Defendants bear the burden to prove absence of malice. Mot. to Remand at 5. But Porter, again, does not support her argument with case law. Defendants correctly argue that Porter "misstates the burden." Opp'n to Mot. to Remand at 10. A plaintiff "must allege facts to support each of the . . . elements of a defamation claim, including actual malice to overcome [the] presumed qualified privilege." Jones, 2012 WL 2934530, at *6. Porter does not allege *facts* to establish Everett acted with actual malice. No facts in the complaint show that Everett was "motivated by hatred or ill will" or "lacked reasonable grounds for belief in the truth of the publication." See Noel, 113 Cal. App. 4th at 1370.

Porter next argues that a plaintiff can prove malice in many ways. Mot. to Remand at 5. Porter lists several ways that plaintiffs in *other cases* have shown malice. Mot. to Remand at 5-7. Porter still, however, fails to point to facts *in her complaint* showing Everett made a defamatory statement with malice.

Defendants argue "[w]hile [Porter] pleads generally that Defendant Everett did not like her compared to male colleagues, she does not link that dislike to any actual defamatory statement." Opp'n to Mot. to Remand at 11. Defendants also argue that "the defamation cases cited by Plaintiff demonstrating

12

how one can prove malice are not applicable because they are not cases where the sufficiency of the Complaint was at issue in a case where a former employee sued a former employer pertaining to performance evaluations." Id. Rather, Defendants argue, "the cases cited by Plaintiff pertain primarily to allegedly defamatory publications in newspapers or regarding public figures at the summary judgment or post-trial stage of litigation." Id. at 11-12.

The Court concludes that Porter has not sufficiently pleads the "unprivileged" element of a defamation claim. Specifically, she has not pled facts showing that Everett acted with malice, and so she cannot overcome the privilege afforded by section 47(c).

### 4. "False" Element

"A publication must contain a false statement of *fact* to give rise to liability for defamation." Jensen v. Hewlett-Packard Co., 14 Cal. App. 4th 958, 970 (1993) (emphasis in original). Furthermore, "an employer's statement accusing an employee of 'poor performance' is 'clearly a statement of opinion,' and is not defamatory." Rodriguez v. Old Dominion Freight Line, Inc., 2013 WL 6184432, at *9 (C.D. Cal. Nov. 27, 2013) (citing Gould v. Md. Sound Indus., Inc., 31 Cal. App. 4th 1137, 1153–54 (1995)).

Defendants argue that "the alleged defamatory statements concerning Plaintiff's performance [are] mere opinions of Everett, not facts." Notice of Removal at 11. Porter, conversely, argues that the documents Defendants submitted contain "statements of fact—not opinion." Reply ISO Mot. to

Remand. However, Porter still fails to identify which specific factual statements in the documents are defamatory and in the absence of such specificity, this claim cannot survive.

In sum, on the basis of the above four arguments submitted by Defendants with respect to Porter's defamation claim, the Court finds that Porter has not pled sufficient facts to establish that Everett or Nationwide defamed her. The Court therefore dismisses this claim against Nationwide and Everett without prejudice. Porter's Motion to Remand must be denied since Porter and Nationwide (the remaining two parties) are citizens of different states and Nationwide has shown, without challenge from Porter, the amount in controversy exceeds $75,000. The Court therefore has diversity jurisdiction.

### C. Plaintiff's Motion for Attorney's Fees

Porter argues "the Court should award attorney's fees and costs because Defendants and their attorneys had no reasonable basis for removing this matter." Mot. to Remand at 7. Defendants have shown a reasonable—and in fact, successful—basis for removal jurisdiction. The Court denies Porter's motion for attorney's fees.

### D. Leave to Amend

Defendants argue the Court should not allow Porter to amend her complaint because Porter's "Motion for Remand and her counsel's declaration do not allude to any additional facts or provide any hint" that Porter can sufficiently allege a defamation claim. Opp'n to Mot. to Remand at 14.

A court should freely grant leave to amend "unless amendment would be futile." Cook, Perkiss & Liehe, Inc. v. N. Cal.

14

1  Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).
2  Amendment is not futile if a plaintiff can "cure the defect
3  requiring dismissal 'without contradicting any of the allegations
4  of [the] original complaint.'"  Plascencia v. Lending 1st Mortg.,
5  583 F. Supp. 2d 1090, 1095 (N.D. Cal. 2008) (quoting Reddy v.
6  Litton Indus., Inc., 912 F. 2d 291, 296 (9th Cir. 1990)).
7       Plaintiff has failed to plead the alleged defamatory
8  statements with specificity and has failed to plead facts showing
9  that any statements were unprivileged and published to a third
10 party.  But nothing in the complaint expressly contradicts the
11 existence of such facts.  The Court grants Porter leave to amend
12 her defamation claim.

14                          IV.   ORDER
15      For the reasons set forth above, the Court DENIES
16 Plaintiff's motion to remand and GRANTS Defendants' motion to
17 dismiss without prejudice.  If Plaintiff chooses to amend, she
18 must file her amended complaint within twenty days of the date of
19 this Order.  Defendants must file their responsive pleadings
20 within twenty days thereafter. If Plaintiff chooses not to amend
21 her complaint, the case will proceed against Nationwide only on
22 the remaining claims and Nationwide must file its Answer within
23 thirty days from the date of this Order.
24      IT IS SO ORDERED.
25 Dated: February 27, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE